IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| BLUE CALYPSO, INC., <br><br> Plaintiff-Counterclaim Defendant, <br><br> v. <br><br> FOURSQUARE LABS, INC., <br><br> Defendant-Counterclaim Plaintiff. | Civil Action No. 6:13-cv-00373-MHS <br><br> **JURY TRIAL DEMANDED** |

**FOURSQUARE LABS, INC.'S**
**ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

Defendant/Counterclaim Plaintiff Foursquare Labs, Inc. ("Foursquare"), by and through its undersigned counsel, as and for its Answer to the Complaint of Plaintiff/Counterclaim Defendant Blue Calypso, Inc. ("Blue Calypso"), hereby states as follows:

Foursquare denies each and every allegation contained in the Complaint that is not expressly admitted below. Any factual allegation admitted below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that arguably follow from the admitted facts. Foursquare denies that Blue Calypso is entitled to the relief requested or any other relief.

**ANSWER**

**THE PARTIES**

1. Plaintiff Blue Calypso, Inc. is a Delaware corporation, with its principal place of business located in this district at 19111 North Dallas Parkway, Suite 200, Dallas, Texas 75287.

**ANSWER:** Foursquare lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, and therefore denies the same.

2. On information and belief, Defendant Foursquare Labs, Inc. is a Delaware corporation, with its principal place of business at 568 Broadway, 10th Floor, New York, New York 10012. Defendant Foursquare Labs, Inc. may be served with summons by serving its registered agent for the service of process, Business Filings Incorporated, 108 West 13th Street, Wilmington, Delaware 19801.

**ANSWER:** Foursquare admits that it is a Delaware corporation and has a headquarters at 568 Broadway, 10th Floor, New York, NY.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:** Foursquare admits that Blue Calypso alleges patent infringement. Without conceding to the validity or addressing the merits of any claim contained herein, Foursquare admits that Blue Calypso purports to base this action as arising under the patent laws of the United States, including 35 U.S.C. § 1 et seq. Without conceding to the validity or addressing the merits of any claim contained herein, this Court has jurisdiction over patent infringement actions under 28 U.S.C. § 1338(a). To the extent a further response is required, Foursquare denies any other allegations of Paragraph 3.

4. This Court has personal jurisdiction over Foursquare because Foursquare upon has sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and within this judicial district and because Foursquare has committed acts of patent infringement within the State of Texas and within this judicial district.

**ANSWER:** The allegations contained in Paragraph 4 state legal conclusions to which no response is required. To the extent a response is required Foursquare denies the allegations of Paragraph 4.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

**ANSWER:** The allegations contained in Paragraph 5 state legal conclusions to which no response is required. To the extent a response is required Foursquare denies the allegations of Paragraph 5.

6. On May 7, 2013, United States Patent No. 8,438,055 ("the '055 patent") entitled "System and Method for Providing Endorsed Advertisements and Testimonials between Communication Devices" was duly and legally issued by the United States Patent and Trademark Office. Blue Calypso owns the '055 patent by assignment.

**ANSWER:** Foursquare states that the '055 patent speaks for itself. The remainder of the allegations contained in Paragraph 6 state a legal conclusion to which no response is required. To the extent a response is required, Foursquare denies the remaining allegations of Paragraph 6.

7. Foursquare operates a system typified by the screen shots attached as Exhibits A, and B. In doing so Foursquare infringes one or more claims of the '055 patent, literally or under the doctrine of equivalents. Foursquare directly infringes by using the system and making it available to advertisers and consumers. Foursquare induces infringement by consumers and advertisers by encouraging them to use its system. Foursquare contributorily infringes by providing content to consumers for use in the system.

**ANSWER:** The allegations contained in Paragraph 7 state a legal conclusion to which no response is required. To the extent a response is required, Foursquare denies the allegations of Paragraph 7.

8. Foursquare will continue to infringe the '055 patent unless and until it is enjoined by this Court.

**ANSWER:** The allegations contained in Paragraph 8 state a legal conclusion to which no response is required. To the extent a response is required, Foursquare denies the allegations of Paragraph 8.

9. Foursquare has caused and will continue to cause Blue Calypso irreparable injury and damage by infringing the '055 patent. Blue Calypso will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Foursquare is enjoined from infringing the '055 patent.

**ANSWER:** The allegations contained in Paragraph 9 state a legal conclusion to which no response is required. To the extent a response is required, Foursquare denies the allegations of Paragraph 9.

## BLUE CALYPSO'S REQUEST FOR RELIEF

Foursquare hereby incorporates by reference its answers to all paragraphs in Blue Calypso's Complaint as though fully set forth herein.

Foursquare denies that Blue Calypso is entitled to any or all of the relief requested in its Complaint.

## AFFIRMATIVE DEFENSES

Foursquare reserves the right to allege defenses in addition to the following as they become known through the course of discovery.

### First Defense - Noninfringment

1. Foursquare has not infringed and does not infringe directly, jointly, contributorily, or by inducement any valid and enforceable claim of the '055 patent, either literally or under the doctrine of equivalents.

### Second Defense - Invalidity

2. One or more claims of the '055 patent are invalid for failure to comply with the requirements of 35 U.S.C. § 101 *et seq.*, including without limitation, §§ 101, 102, 103 and/or 112.

### Third Defense – Estoppel/Laches/Waiver

3. One or more of Blue Calypso's claims are barred, in whole or in part, by the doctrines of estoppels, laches, and/or waiver.

### Fourth Defense – Limitation of Remedies

4. Blue Calypso is not entitled to injunctive relief because any alleged injury to Blue Calypso is not immediate or irreparable, and Blue Calypso has an adequate remedy at law.

## COUNTERCLAIMS

For its counterclaim against Blue Calypso, Inc. ("Blue Calypso"), Counterclaim-Plaintiff Foursquare Labs, Inc. ("Foursquare") alleges as follows:

## PARTIES

1. Foursquare is a Delaware corporation with its principal place of business at 568 Broadway, 10th Floor, New York, NY 10012.

2. On information and belief, Counterclaim-Defendant Blue Calypso, Inc. is a Delaware corporation, with its principal place of business at 19111 North Dallas Parkway, Suite 200, Dallas, Texas 75287.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, 35 U.S.C. § 101 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Blue Calypso and venue is proper in this Court for purposes of Foursquare's counterclaims because this is the Court in which Blue Calypso instituted this action.

## COUNT I

## DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 8,438,055

5. An actual and justiciable controversy requiring declaratory relief exists between Foursquare and Blue Calypso as evidenced by Blue Calypso's Complaint, alleging infringement of United States Patent No. 8,438,055 ("the '055 patent") by Foursquare.

6. Foursquare has not infringed and does not infringe directly, jointly, contributorily, or by inducement any valid and enforceable claim of the '055 patent, either literally or under the doctrine of equivalents.

## COUNT II

## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 8,438,055

7. The claims of the '055 patent are invalid for failure to comply with the requirements of 35 U.S.C. § 101 *et seq.*, including without limitation, §§ 101, 102, 103 and/or 112.

## PRAYER FOR RELIEF

WHEREFORE, Foursquare prays for an order entering judgment as follows:

A. Denying all claims for relief set forth in the Complaint and entering judgment in favor of Foursquare on all claims;

B. Declaring that Foursquare has not infringed and does not infringe directly, jointly, contributorily, or by inducement any valid and enforceable claim of the '055 patent, either literally or under the doctrine of equivalents.

C. Declaring that the claims of the '055 patent are invalid.

D. Awarding Foursquare its costs in this matter;

E. Awarding Foursquare its attorneys' fees pursuant to 35 U.S.C. § 285; and

F. Awarding any other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Foursquare respectfully requests a trial by jury.

Date: June 5, 2013  Respectfully submitted,

By: /s/Alan D Albright
Alan D Albright
State Bar No. 00973650
Email: alan.albright@bgllp.com
BRACEWELL & GIULIANI LLP
111 Congress Avenue, Suite 2300
Austin, Texas 78701
(512) 472-7800
(512) 472-9123 fax

Craig R. Smith (to be admitted *pro hac*)
William J. Seymour
NY State Bar No. 4770665
LANDO & ANASTASI, LLP
Riverfront Office Park
One Main Street – 11th Floor
Cambridge, MA 02142
Telephone (617) 395-7000
Facsimile: (617)-395-7070
csmith@lalaw.com

*Counsel for Defendant Foursquare Labs, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on June 5, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which automatically sends email notification of such filing to registered participants.

                                                      /s/ Alan D Albright  
                                                      Alan D Albright